FILED
SUPERIOR COURT
OF GUAM

2019 FEB 11 PM 2:23

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| NATASHA LYNN CRUZ, <br><br> Plaintiff, <br><br> vs. <br><br> MELANIE JEAN QUICHOCHO CRUZ, <br><br> Defendant. | Domestic Case No. DM0385-18 <br><br> **ORDER** |

### INTRODUCTION

Plaintiff in this divorce case has moved for Defendant to assume all community debt. This matter is before the Honorable Michael J. Bordallo. Plaintiff Natasha Lynn Cruz ("Plaintiff") is represented by Attorney Robert G.P. Cruz of the Guam Legal Services Corporation Disability Law Center. Defendant Melanie Jean Quichocho Cruz ("Defendant") has not yet made an appearance in the case. Having reviewed the arguments, the Court hereby **ORDERS** that unless Plaintiff produces evidence that she should be liable for less than half the community debt, the debt will be split evenly between the parties, $5,000 each.

### BACKGROUND

This matter arises out of the Complaint For Divorce, ("Complaint") filed June 21, 2018, in which Plaintiff asked the Court to assign the full $10,000 in community debt to Defendant. Defendant has never appeared in this case, in spite of publication to give her notice of the

Complaint. After a hearing on Dec. 4, 2018, the Court took under advisement the matter of distributing the community debt.

## FACTS

1. The parties were married on April 27, 2014 in Albany, NY. The marriage lasted three years, and the parties separated in July 2017.

2. The parties have no minor children.

3. Plaintiff requests the divorce on grounds of irreconcilable differences.

4. Plaintiff states that the parties have no community property.

5. Plaintiff states that she is aware of only two community debts: $5,000 on a credit card and $5,000 for a loan.

6. At a hearing on Dec. 4, 2018, Plaintiff stated that both debts were acquired during the marriage. However, Plaintiff claims that she did not sign the credit card application, and she believes that she also did not sign the loan application. Hr'g, Dec. 4, 2018.

7. In the Complaint and at the Dec. 4, 2018 hearing, Plaintiff asked that the total $10,000 community debt be assigned to Defendant.

8. After the hearing, the Court took the matter under advisement.

## ISSUE

1. Whether to assign the full $10,000 in community debt to Defendant.

## PRINCIPLES OF LAW

Community debt is "a debt contracted or incurred by either or both spouses during marriage which is not a separate debt." 19 Guam Code. Ann. § 6102(b). Separate debt is restricted to five instances in which a debt may be attributed to one spouse alone. These instances are (1) debt incurred before the parties were married or after the dissolution of the marriage, (2) debt incurred to provide maintenance to a former spouse, (3) debt that a court

designates as separate debt, (4) debt incurred during the marriage that a spouse identifies to the creditor in writing to be a separate debt at the time of the debt's creation, and (5) debt which arises from certain torts. Id. at § 6102. See also Blas v. Cruz, 2009 Guam 12 ¶ 23. Also, "The mere fact that a debt is signed by only one spouse is not sufficient to transform [it]" into the debt identified in instance number four from the list above. Blas v. Cruz at ¶ 24.

Community property from a marriage dissolved on grounds other than adultery or extreme cruelty "shall be equally divided between the parties." 19 G.C.A. § 8411(b). The Supreme Court of Guam has specifically stated that in divorces based on irreconcilable differences, community property must be divided equally. Sinlao v. Sinlao, 2005 Guam 24 ¶ 12. In Sinlao, the court added that in dividing the property, "mathematical equality is desirable as a goal to ensure that each party receives an equal division of property; however, more often than not, mathematical equality is difficult to achieve." Id. at ¶ 24. The court clarifies that exact mathematical equality in dividing community property is not required. Instead, the court recommends that trial courts equally divide property "by evaluating the circumstances of each particular case and considering the overall equality of the award." Id. at ¶ 35. On appeal, the court would revise the division of property only if it is "manifestly unfair." Id. at ¶ 24.

## ANALYSIS

The parties' two $5,000 debts are community debt. Plaintiff has stated that both debts were incurred during marriage, and neither matches any of the five circumstances that would classify them as separate debt. Plaintiff claims that her former spouse alone signed for the credit card application, and Plaintiff believes this is also true for the loan. However, the Supreme Court of Guam declined to recognize such debt incurred by just one spouse as separate debt. Blas v. Cruz at ¶ 24. Debts incurred after marriage are community debt regardless if one or both spouses signed for the debt, unless the debts can be classified as separate debt, an inapplicable scenario

here. Because the marriage was dissolved for irreconcilable differences, not adultery or extreme cruelty, the community property must be divided equally. The community property of the parties minus the community debt leaves a net balance of $10,000 in debt, composed of the two $5,000 debts. A mathematically equal division of community property is preferable, and such a result is easy to accomplish here: $5,000 in debt to each party.

The Court will allow Plaintiff to produce evidence of why she should be liable for less than an equal share of the community debt. Otherwise the Court will equally divide the debt between the parties, $5,000 each.

## CONCLUSION AND ORDER

For the above reasons, the Court **ORDERS** that unless Plaintiff produces evidence within 30 days demonstrating why she should assume less than an equal share of the debt, Plaintiff will be liable for the $5,000 credit union loan, and Defendant will be liable for the $5,000 credit card debt.

SO ORDERED, this ____11____ day of ___Feb_____ 2019.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of: GLSC

Date: 2/11/19   Time: 3p.m.

Deputy Clerk, Superior Court of Guam